■ JAMES J. MALONEY, as Father and Natural Guardian of JOANN MALONEY, an Infant, et al., Respondents, v. UNION FREE SCHOOL DISTRICT No. 7 et al., Appellants.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff, etc., defendants appeal from an interlocutory judgment of the Supreme Court, Nassau County, entered September 28, 1972 upon a jury verdict in favor of plaintiffs on the issue of liability, after trial upon that issue only. Interlocutory judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The infant plaintiff sustained her injuries when she pushed her hand through the plate glass of an exit door in the elementary school she was attending. The accident occurred in June, 1968. The notice of claim, com-

plaint and bill of particulars all proceeded on the theory that the glass was broken prior to the accident and that respondents were negligent in permitting the door to "remain in a broken, unsafe condition". At the trial, however, plaintiffs were permitted to amend the complaint, over respondents' objection, and to rely on certain safety rules and regulations allegedly issued by the University of the State of New York and the State Education Department. The trial court took judicial notice of the specific regulation relied upon by plaintiffs and charged it to the jury, to wit: "In exterior exit doors and vestibule doors, main interior exit doors and in adjoining side light or glass panels, if the glass panel extends within 48 inches of the floor, it should be of a minimum of one-quarter of an inch thick wire, tempered plate, or laminated safety glass." The court further charged that if the door in question was in violation of that regulation, that was evidence of negligence on the part of respondents. That regulation is contained in a pamphlet, dated December, 1967, six months before this accident, which was issued by the Division of Educational Facilities Planning of the State Education Department and which states: "The following health and safety considerations for existing school buildings, based on the Regulations of the Commissioner of Education and requirements of the Division of Educational Facilities Planning, form the basis for review and evaluation of existing buildings. These requirements form Part IX — Existing Buildings — of the Manual of Planning Standards of this Division." There was no evidence at the trial to show that the principal or anyone in any supervisory position at the school in question was aware of the regulation quoted above. It is *not* contained in the official compilation of rules and regulations published by the Secretary of State (see 8 NYCRR 155.3). Plaintiffs contend there was no requirement that it be in the official compilation to be effective, because it relates "to the organization or internal management" of the State Education Department and, therefore, comes within the exception specified in section 8 of article IV of the State Constitution. With this contention we disagree. A rule or regulation such as the one here relied on which directly bears on public safety is not one that relates "to the organization or internal management" of a department of government (cf. *People* v. *Fogerty,* 18 N Y 2d 664; *Radford* v. *Gage,* 59 Misc 2d 948, 952). Section 106 of the Executive Law states in pertinent part as follows: "To entitle any copy of a code, rule or regulation published, other than those published in such official compilation or supplement thereto, to be read in evidence *there shall be contained in the same book or pamphlet a printed certificate of the secretary of state that such copy is a correct transcript of the text of the code, rule or regulation as published in such official compilation or supplement thereto*" (italics added). There was no proof that the documents relied upon by plaintiffs at bar contained such a certificate and, in fact, the indication is to the contrary. In addition, we note there was no proof that the glass in the door did not comply with regulations existing when the school was built, there was no proof that the school authorities were required to replace glass which did not comply with new regulations and there was no proof that the glass as installed was unsafe, as there was no record of any prior accidents or breakage, despite daily usage by hundreds of pupils and teachers. In view of these failings, and the court's indication to the jury that the only negligence in the case was whether or not respondents had failed to comply with the cited regulation, we are of the opinion that a new trial is required. Munder, Acting P. J., Martuscello, Latham, Gulotta and Brennan, JJ., concur.