■ NICOLE M. AMBROSIO et al., Appellants, v SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Respondent.. [671 NYS2d 110] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 28, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, while a third-grade student at the defendant's school, was racing with her friends in the school playground when she tripped and fell against a glass window. The infant plaintiff's hand hit the glass "hard", and both her hand and arm went through the window, causing her to sustain injuries. The plaintiffs thereafter commenced this action against the defendant alleging, *inter alia*, that it had negligently failed to equip the window with safety glass. The defendant subsequently moved for summary judgment upon the ground that there was no evidence that window was unsafe, or that the failure to install safety glass violated any applicable rule or regulation. The Supreme Court granted the defendant's motion, and we affirm.

Contrary to the plaintiffs' contention, the conclusory affidavit

of its expert was insufficient to show that the subject window did not conform to relevant safety standards (*see, Murphy v Conner,* 84 NY2d 969, 972; *Beyda v Helmsley Enters.,* 245 AD2d 479; *cf., Trimarco v Klein,* 56 NY2d 98, 106-107). Although the plaintiffs' expert claimed that the failure to use impact-resistant glass in school windows located near play areas violated a provision contained in the "Manual of Planning Standards" issued by the State University of New York, there is no evidence that these planning standards are reflective of generally-accepted architectural safety practices. Moreover, there is no proof that the subject provision of the planning manual applies to exterior glass in windows which border outdoor play areas. The record further reveals that there was no history of any prior accidents or breakage (*see, Maloney v Union Free School Dist. No. 7,* 41 AD2d 937). Under these circumstances, the Supreme Court properly determined that the plaintiffs have failed to raise a triable issue of fact as to whether the use of ordinary glass in the window was unsafe. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.