■ ROBERT M. BRADLEY et al., Appellants, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Respondent. [696 NYS2d 65] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), entered January 8, 1999, which, after a nonjury trial, and upon granting the defendant's motion made at the close of the plaintiffs' case to dismiss the complaint, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The injured plaintiff was involved in an accident in a cafeteria of the Smithtown Middle School wherein his hand was lacerated by glass. The injured plaintiff was playing with another student, Kristin Lahey, in the cafeteria. Lahey leaned up against or was pushed into a glass window while the injured

plaintiff was holding her. The window shattered and the broken glass fell on the injured plaintiff's hand. The plaintiffs commenced the instant action against the defendant alleging that it was negligent in failing to replace the glass windows in the cafeteria with safety glass.

The conclusory testimony of the plaintiffs' expert was insufficient to show that the subject window was in violation of 8 NYCRR 155.3. In addition, there was no proof that the window was not in compliance with regulations existing when the school was built, that the school authorities were required to replace glass which did not comply with new regulations, and that the glass as installed was unsafe. Moreover, there was no history of any prior similar accidents or breakage. Accordingly, the Supreme Court properly dismissed the complaint based on the plaintiffs' failure to establish a prima facie case (*see, Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346; *see also, Maloney v Union Free School Dist. No. 7,* 41 AD2d 937). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.