█ FATIMAH HASSAN-WILLIS et al., Respondents, v ST. GERARD'S SCHOOL, Appellant. [774 NYS2d 815]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced this action to recover damages for the injuries the infant plaintiff sustained to her left hand when she pushed open a wooden door at the defendant school, and her hand slid and went through the pane of glass in the door.

The defendant demonstrated its entitlement to summary

judgment dismissing the plaintiffs' negligent supervision claim by establishing that its level of supervision was not a proximate cause of the accident (*see Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d 581 [2003]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Furthermore, the defendant demonstrated its entitlement to summary judgment dismissing the plaintiffs' claim that it was negligent in its ownership and maintenance of the door by submitting evidence that the door fully complied with all applicable City and State building codes at the time of the accident, and that it had no notice of any alleged defective condition in the door (*see Bradley v Smithtown Cent. School Dist.*, 265 AD2d 283 [1999]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346 [1998]).

The plaintiffs failed to present evidence sufficient to raise a triable issue of fact as to whether the school was negligent in failing to use safety glass in the door. The plaintiffs' expert affidavit was conclusory and unsubstantiated and insufficient to defeat the defendant's motion for summary judgment (*see Cervone v Tuzzolo*, 291 AD2d 426 [2002]; *Geddes v Crown Equip. Corp.*, 273 AD2d 904 [2000]; *Ambrosio v South Huntington Union Free School Dist., supra*).

Accordingly, the Supreme Court should have granted the defendant's motion. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.