■ CARMINE MATONE et al., Appellants, v DGM PARTNERS RYE LIMITED PARTNERSHIP et al., Respondents. [774 NYS2d 814]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.),

dated December 3, 2002, as granted those branches of the motion of the defendant DGM Partners Rye Limited Partnership and the separate motion of the defendant WITC Corporation which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Carmine Matone allegedly was injured when he fell as he stepped off the curb in front of the West Islip Twin Cinemas, a movie theater operated by the defendant WITC Corporation (hereinafter WITC). The theater was located in a shopping center owned by the defendant DGM Partners Rye Limited Partnership (hereinafter DGM). Matone and his wife commenced this action against DGM and WITC, alleging that the fall was caused by the excessive height of the curb and inadequate lighting. DGM and WITC separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions concluding that the allegedly defective condition of the curb was readily observable. We affirm, but on a different ground.

DGM and WITC established their entitlement to judgment as a matter of law by demonstrating that the curb was not defective and that the lighting was adequate. In opposition, the plaintiffs' submissions, including their experts' affidavits, were insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544-545 [2002]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346 [1998]; *Beyda v Helmsley Enters.*, 245 AD2d 479 [1997]). Although one of the experts stated that the curb violated a provision of the former New York State Uniform Fire Prevention and Building Code (*see* 9 NYCRR 765.4), that provision applies to stairways, not sidewalk curbs.

In light of the foregoing, it is unnecessary to address the parties' remaining contentions. Altman, J.P., Florio, Smith and Rivera, JJ., concur.