■ Jyranda Thompson, Appellant, v St. Christopher-Ottilie, Respondent. [817 NYS2d 519]—

In an action to recover damages for personal injuries, the plaintiff appeals from an amended judgment of the Supreme Court, Kings County (Kramer, J.), dated January 14, 2005, which, upon a jury verdict on the issue of liability finding her 40% and the defendant 60% at fault in the happening of the accident and upon the granting of the defendant's motion, in effect, to set aside the jury verdict and for judgment as a matter of law, is in favor of the defendant and against her dismissing the complaint.

Ordered that the amended judgment is affirmed, with costs.

The plaintiff, a foster child residing in a group foster care home for teenage females operated by the defendant, was injured when she put her hand through a glass pane in a door at the premises. She alleged that the premises was not reasonably safe due to the failure to install safety glass panes in the

door. After the jury found that the defendant was negligent, and apportioned fault 60% to the defendant and 40% to the plaintiff, the court granted the defendant's motion, in effect, to set aside the verdict and for judgment as a matter of law.

We affirm. The plaintiff failed to make a prima facie showing that the defendant was negligent for failing to use safety glass in the door (*see Mele v Golian Realty Co., Inc.,* 7 AD3d 683 [2004]; *Hassan-Willis v St. Gerard's School,* 6 AD3d 577 [2004]; *Bradley v Smithtown Cent. School Dist.,* 265 AD2d 283 [1999]; *Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346 [1998]). In light of our determination that the complaint was properly dismissed on that ground, it is unnecessary to reach the parties' other contentions. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.