■ CHRISTOPHER JAMES DWYER et al., Appellants, v DIOCESE OF ROCKVILLE CENTRE, Respondent, et al., Defendant. [845 NYS2d 126]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated May 5, 2006, as granted the motion of the defendant St. Bernard's Roman Catholic Church for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Christopher James Dwyer, a high school student, was injured while playing "spring league basketball" in the gymnasium of the school operated by the defendant St. Bernard's Roman Catholic Church (hereinafter the defendant), when his hand struck a pane of glass in a door and caused the pane to shatter. Thereafter, Christopher's mother, the plaintiff Helena Dwyer, commenced the instant action on behalf of herself and Christopher, alleging, inter alia, that the defendant was negligent in failing to install "safety glass" in the door, and that the defendant's negligence in this regard was the proximate cause of the accident. According to the plaintiffs' engineering expert, safety glass prevents injury because of its ability to withstand pressure and its tendency, if broken, not to form large sharp edges, which can result in injury. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, maintaining that the glass that was used in the door did not constitute a defective condition.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the subject door fully complied with all applicable building codes that were in effect at the time that the school was built (see *Bradley v Smithtown Cent. School Dist.*, 265 AD2d 283 [1999]; cf. *Hassan-Willis v St. Gerard's School*, 6 AD3d 577 [2004]). The evidence submitted by the plaintiffs in opposition to the motion, including the affidavit of their engineering expert, was insufficient to raise a triable issue of fact (see CPLR 3212 [b]). Lifson, J.P., Dillon, Covello and McCarthy, JJ., concur.