*633 The injured plaintiff allegedly sustained personal injuries as a result of a motor vehicle accident which allegedly was caused, in part, by a malfunctioning traffic light at the intersection of Centre Avenue and Grand Avenue in Bellmore, New York. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendant County of Nassau and the defendant Welsbach Electric Corporation of Long Island (hereinafter Welsbach), the company that maintained the subject traffic light pursuant to a contract with the County.
The Supreme Court should have denied that branch of the plaintiffs’ motion which was for leave to renew their opposition to those branches of the respective motions of the County and Welsbach which were for summary judgment dismissing the complaint insofar as asserted against each of them, as that branch of the plaintiffs’ motion was not based on new facts or a change in the law that would change the prior determination (see CPLR 2221 [e] [2]; Elbaz v New York City Hous. Auth., 90 AD3d 986, 987 [2011]; Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020 [2007]). Moreover, the Supreme Court should have denied that branch of the plaintiffs’ motion which was for leave to reargue their opposition to that branch of Welsbach’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs failed to demonstrate that the Supreme Court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (see CPLR 2221 [d]; McGill v Goldman, 261 AD2d 593, 594 [1999]). Welsbach, in support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it owed no duty of care to the plaintiffs (see Stiver v Good & Fair Carting & Moving, Inc., 9 *634 NY3d 253, 256-257 [2007]; Church v Callanan Indus., 99 NY2d 104, 111-112 [2002]; Espinal v Melville Snow Contrs., 98 NY2d 136, 138-140 [2002]; Torres v City of New York, 298 AD2d 318 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact.
However, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs’ motion which was for leave to reargue their opposition to that branch of the County’s motion which was for summary judgment dismissing the complaint insofar as asserted against it (see CPLR 2221 [d]), since the Supreme Court misapprehended the legal sufficiency of the evidence submitted by the County in support of its initial motion. Moreover, upon reargument, the Supreme Court properly vacated its prior determination and denied that branch of the County’s motion. In support of its initial motion, the County relied upon, inter alia, the affidavit of Sheila M. Dukacz, a Traffic Engineer II/Signal Management Section Head with the Nassau County Department of Public Works, and her review of Welsbach’s maintenance records. The plaintiffs opposed the motion on the ground, inter alia, that the County failed to establish its prima facie entitlement to judgment as a matter of law. We agree with the plaintiffs that the evidence submitted by the County was indeed insufficient to make a prima facie showing that the County did not have notice of a defect in the traffic light (see Colon v Manhattan & Bronx Surface Tr. Operating Auth., 35 AD3d 515, 517 [2006]). Since the County failed to meet its prima facie burden on its initial motion, the Supreme Court, upon reargument, properly determined, in effect, that it need not have considered whether the plaintiffs’ opposition papers raised a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.