In an action to foreclose a mortgage, the defendants Iqbal *890 Talip and Jessica Pooran appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Rosengarten, J.), entered February 3, 2011, as denied those branches of their motion which were to vacate a judgment of foreclosure and sale of the same court entered September 24, 2010, upon their default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against them based on the plaintiffs alleged failure to comply with the notice requirements of RPAPL 1304, and (2) an order of the same court entered October 3, 2011, as denied those branches of their motion which were for leave to renew those branches of their prior motion which were to vacate the judgment of foreclosure and sale entered September 24, 2010, and to dismiss the complaint insofar as asserted against them based on the plaintiffs alleged failure to comply with the notice requirements of RPAPL 1304.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
The Supreme Court properly denied those branches of the appellants’ motion which were to vacate a judgment of foreclosure and sale, entered upon their default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against them based on the plaintiffs alleged failure to comply with the notice requirements of RPAPL 1304. Contrary to the appellants’ contention, they failed to establish that the default judgment should be vacated in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Mortgage Elec. Registration Sys., Inc. v Dort-Relus, 107 AD3d 861, 862 [2013]; Pritchard v Curtis, 101 AD3d 1502, 1504-1505 [2012]).
The Supreme Court also properly denied those branches of the appellants’ motion which were for leave to renew those branches of their prior motion which were to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them based on the plaintiffs alleged failure to comply with the notice requirements of RPAPL 1304. Contrary to the appellants’ contention, they did not demonstrate that there had been a change in the law that would change the prior determination (see CPLR 2221 [e] [2]; Frenchman v Lynch, 97 AD3d 632, 633 [2012]; Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807, 809 [2008]). Mastro, J.E, Leventhal, Lott and Roman, JJ., concur.