■ DOROTHY KARATHANASIS, Individually and as Natural Guardian of EVAN KARATHANASIS, an Infant, Respondent, v EASTCHESTER UNION FREE SCHOOL DISTRICT, Appellant. [989 NYS2d 877]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated July 24, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for the defendant's negligent maintenance of its premises.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's infant son allegedly sustained injuries to his left hand when, as he was leaving the Eastchester Middle School, he pushed on a pane of glass in a wooden door and his hand went through the pane. The plaintiff commenced this action against the defendant, Eastchester Union Free School District, alleging that the defendant negligently supervised the plaintiff's infant son, and negligently maintained its premises. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendant's motion which was to dismiss the cause of action alleging negligent supervision, and denied that branch of its motion which was to dismiss the cause of action alleging negligent maintenance of its premises.

While the defendant demonstrated that the door fully complied with all applicable building codes at the time that the middle school was built and at the time of the accident, the defendant's own evidence submitted in support of its motion did not eliminate an issue of fact as to whether it had prior notice

of the alleged defective condition of the glass in the door (*cf. Hassan-Willis v St. Gerard's School*, 6 AD3d 577 [2004]; *Bradley v Smithtown Cent. School Dist.*, 265 AD2d 283 [1999]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346 [1998]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law in support of that branch of its motion which was to dismiss the plaintiff's cause of action alleging negligent maintenance of its premises, the Supreme Court properly denied that branch of its motion without regard to the sufficiency of the plaintiff's opposition papers in that regard (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.