■ MENACHEM HOROWITZ, an Infant, by His Mother and Natural Guardian, JUDY HOROWITZ, et al., Appellants, v 763 EASTERN ASSOCIATES, LLC, et al., Respondents, et al., Defendant. [5 NYS3d 118]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated October 22, 2012, as granted that branch of the motion of the defendants 763 Eastern Associates, LLC, and Affordable Housing Real Estate Corp., doing business as Affordable Housing Realty Corp., which was for summary judgment dismissing the complaint insofar as asserted against them, and denied, as academic, their cross motion for a unified trial on the issues of liability and damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants 763 Eastern Associates, LLC, and Affordable Housing Real Estate Corp., doing business as Affordable Housing Realty Corp., which was for summary judgment dismissing the complaint insofar as asserted against them is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs' cross motion for a unified trial on the issues of liability and damages.

The infant plaintiff allegedly was injured when he fell through the glass of a fixed panel adjacent to the interior of the front entrance door of a building owned by the defendant 763 Eastern Associates, LLC, and managed by the defendant Affordable Housing Real Estate Corp., doing business as Affordable Housing Realty Corp. (hereinafter together the Eastern defendants). The glass panel had been installed by the defendant Affraim Glass and Mirror Corp. (hereinafter Affraim) approximately three months prior to the accident.

The infant plaintiff, by his mother, and his mother individually, commenced this action. They alleged, among other things, that the defendants were negligent in failing to install "safety glass" in the panel in violation of certain New York City and New York State building codes, and that such negligence was a proximate cause of the infant plaintiff's injuries. The Eastern defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for a unified trial on the issues of liability and damages. The Supreme Court, inter alia, granted that branch of the Eastern defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' cross motion as academic.

"The general rule is that a party who retains an independent contractor . . . is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Blatt v L'Pogee, Inc.*, 112 AD3d 869, 869 [2013]). One of the exceptions to this general rule is the "nondelegable duty exception, which is applicable where the party 'is under a duty to keep premises safe' " (*Backiel v Citibank*, 299 AD2d 504, 505 [2002], quoting *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d at 668; *see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257-258 [2008]; *Blatt v L'Pogee, Inc.*, 112 AD3d at 869). In such instances, the party "is vicariously liable for the fault of the independent contractor because a legal duty is imposed on it which cannot be delegated" (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d at 668).

Here, the Eastern defendants demonstrated, prima facie, their entitlement to judgment as a matter of law by presenting evidence that the glass in the fixed panel was installed by an independent contractor in compliance with the applicable city and state building codes, and that the condition of the glass did not otherwise violate their duty to maintain the premises in a reasonably safe condition (*see generally Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 14-15 [2011]; *cf. Bradley v Smithtown Cent. School Dist.*, 265 AD2d 283 [1999]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346 [1998]). However, in opposition, the plaintiffs' submissions, including expert affidavits, raised a triable issue of fact as to whether Affraim violated city and state building codes by failing to install safety glass in the panel (*cf. Hassan-Willis v St. Gerard's School*, 6 AD3d 577, 578 [2004]; *Sepulveda v Reynolds*, 288 AD2d 368, 369 [2001]), and whether the Eastern defendants thereby breached a nondelegable duty to maintain the premises in a reasonably safe condition (*see generally Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 756 [2010]).

Furthermore, contrary to the Eastern defendants' contention, they failed to establish, prima facie, that any failure to install safety glass in accordance with city and state building codes was not a proximate cause of the infant plaintiff's injuries (*see Matamoro v City of New York*, 94 AD3d 722, 722-723 [2012]; *Canela v Audobon Gardens Realty Corp.*, 304 AD2d 702, 703 [2003]). Accordingly, the Supreme Court should have denied that branch of the Eastern defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, the plaintiffs' cross motion for a unified trial on the issues of liability and damages is no longer academic. Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs' cross motion (*see e.g. Headley v City of New York*, 115 AD3d 804, 807 [2014]; *Lazarre v Davis*, 109 AD3d 968, 969-970 [2013]; *Midorimatsu, Inc. v Hui Fat Co.*, 99 AD3d 680, 683 [2012]).

To the extent that the plaintiffs seek relief regarding Affraim's separate motion for summary judgment dismissing the complaint insofar as asserted against it, we note that the Supreme Court did not decide that motion in the order appealed from. Thus, the plaintiffs' contentions regarding that separate motion are not properly before this Court.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.