■ FUSTINO MORENO, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. [11 NYS3d 602]—

In an action to recover damages for personal injuries, the defendants County of Nassau and Nassau County Department of Public Works appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 4, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries while crossing a street in Nassau County. At her deposition, the plaintiff testified that, on the date of the occurrence, she felt some type of "pull" or electrical shock as she stepped from the sidewalk onto the road. The plaintiff further testified that, as she continued to walk across the intersection, she was "hit" by a cable. The plaintiff stated that, at the time of the incident, a worker was performing work on a nearby traffic signal box, and that the worker was holding or working with some type of cable.

Contrary to the contention of the defendants County of Nassau and Nassau County Department of Public Works (hereinaf-

ter together the county defendants), the plaintiff was not required to show that they received prior written notice of the alleged condition pursuant to Nassau County Administrative Code § 12-4.0 (e). This provision requires prior written notice of any defective or dangerous "sidewalk, street, highway, parking field, stairway, walkway, ramp, driveway, bridge, culvert, curb or gutter." Here, the condition that allegedly caused the injury is an electrical condition involving a traffic signal, or a traffic signal box and related cable. The subject Nassau County Administrative Code provision does not require prior written notice of that condition (*see Hughes v Jahoda*, 75 NY2d 881, 883 [1990]; *Alexander v Eldred*, 63 NY2d 460, 467 [1984]; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366 [1966]; *O'Buckley v County of Chemung*, 88 AD3d 1140, 1141 [2011]).

Contrary to the county defendants' contention, they also failed to establish, prima facie, that they lacked actual or constructive notice of the alleged condition (*see generally Hecht v Saccoccio*, 120 AD3d 474 [2014]; *Calabro v Harbour at Blue Point Home Owners Assn., Inc.*, 120 AD3d 462, 463 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]). The evidence submitted by the county defendants shows that an independent contractor hired by them performed work on the traffic light at the subject intersection 11 days prior to the accident. In addition, the evidence submitted by the county defendants showed that the County last inspected this traffic signal approximately five months prior to the accident, and that its contractor performed routine maintenance on the signal approximately three months prior to the accident. The county defendants submitted no evidence as to the details of those inspections.

Since the county defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.