■ DINA FRENCHMAN et al., Respondents, v MATTHEW LYNCH et al., Respondents, and COUNTY OF NASSAU, Appellant. [11 NYS3d 651]—

In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), entered August 22, 2013, which granted the plaintiffs' motion for leave to reargue their opposition to that branch of the motion of the County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it, which had been granted in an order of the same court dated March 15, 2013, and, upon reargument, in effect, vacated the determination in the order dated March 15, 2013, granting its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it and thereupon denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order entered August 22, 2013, is affirmed, with one bill of costs.

The injured plaintiff allegedly sustained personal injuries as a result of a motor vehicle accident which allegedly was caused, in part, by a malfunctioning traffic light. The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the County of Nassau and Welsbach Electric Corporation of Long Island, the company that maintained the traffic light pursuant to a contract with the County. On a prior appeal, this Court affirmed a determination denying the County's motion for summary judgment, concluding that the County failed to establish as a matter of law that it did not have notice of the alleged defect (*see Frenchman v Lynch*, 97 AD3d 632 [2012]).

After the completion of discovery, the County again moved for summary judgment, based upon similar arguments and the statements of the same witnesses which it submitted with respect to its first motion for summary judgment. Sheila Dukacz, the Section Head of Traffic Signal Management for the County's Department of Traffic Management, stated in an affidavit that the County had no written records of prior notice of the alleged defect. At her deposition, Dukacz further testified that she was notified of "every complaint about an alleged malfunctioning traffic device in the county," whether oral or written. The plaintiffs, in opposition, submitted evidence adduced during discovery of prior complaints about the traffic light.

In an order dated March 15, 2013, the Supreme Court granted the County's motion on the ground that the County did not receive prior written notice of the defect, in effect, rely-

ing on Nassau County Administrative Code § 12-4.0 (e). That provision, which must be strictly construed (*see Hughes v Jahoda*, 75 NY2d 881, 882 [1990]), was not applicable to defective traffic lights (*see Moreno v County of Nassau*, 127 AD3d 707 [2015]). Since the Supreme Court misapprehended the code provision, the plaintiffs were properly granted leave to reargue their opposition to the County's motion for summary judgment (*see* CPLR 2221 [d] [2]; *Barrett v Jeannot*, 18 AD3d 679, 680 [2005]).

Upon reargument, the Supreme Court properly, in effect, vacated the determination in the order dated March 15, 2013, and thereupon denied the County's motion for summary judgment. Although the County's prior motion for summary judgment was denied on the ground that the County failed to establish its prima facie entitlement to judgment as a matter of law (*see Frenchman v Lynch*, 97 AD3d 632 [2012]), upon reargument, the County provided further details as to its procedures for handling oral complaints, which established its entitlement to judgment as a matter of law. However, in opposition, the plaintiffs raised a triable issue of fact regarding whether the County had prior oral notice of a dangerous condition at the subject intersection. Accordingly, upon reargument, the court properly denied the County's motion for summary judgment. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.