■ CARMEN PESANTE, Appellant, v VERTICAL INDUSTRIAL DEVELOPMENT CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [36 NYS3d 716]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated March 27, 2015, as granted that branch of the motion of the defendants Vertical Industrial Development Corp., and Rentar Development Corp., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Vertical Industrial Development Corp., and Rentar Development Corp., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

On June 18, 2010, the plaintiff was walking with Luis Fernandez in a parking lot owned by the defendant Vertical

Industrial Development Corp. (hereinafter Vertical) when she was struck by a remote-controlled toy car operated by the defendant Enrique Perez. The defendant Rentar Development Corp. (hereinafter Rentar), was the managing consultant for the premises. The parking lot was patrolled by employees of On Guard Security (hereinafter On Guard), an independent contractor hired by Vertical and Rentar to "provide a safe and secure environment" for visitors to the premises. At his deposition, Fernandez testified that immediately prior to the accident, he observed "the security guard's vehicle" next to Perez, who was operating the remote-controlled car. The plaintiff commenced this action against Vertical, Rentar, and Perez. Vertical and Rentar (hereinafter together the moving defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

"Generally, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008], quoting *Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]). "One of the exceptions to this general rule is the 'nondelegable duty exception, which is applicable where the party is under a duty to keep premises safe' " (*Horowitz v 763 E. Assoc., LLC*, 125 AD3d 808, 810 [2015], quoting *Backiel v Citibank*, 299 AD2d 504, 505 [2002] [internal quotation marks omitted]). In such instances, the party " 'is vicariously liable for the fault of the independent contractor because a legal duty is imposed on it which cannot be delegated' " (*Horowitz v 763 E. Assoc., LLC*, 125 AD3d at 810, quoting *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]).

Here, the evidence submitted by the moving defendants raised triable issues of fact regarding whether On Guard was negligent in performing its security duties, and whether the moving defendants were vicariously liable for On Guard's negligence based on their nondelegable duty to keep the premises safe (*see Horowitz v 763 E. Assoc., LLC*, 125 AD3d at 810; *Grizzell v JQ Assoc., LLC*, 110 AD3d 762, 764 [2013]; *Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071 [2004]). Accordingly, the Supreme Court should have denied that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.