Kelly v Roy C. Ketcham High Sch. (2020 NY Slip Op 00111)





Kelly v Roy C. Ketcham High Sch.


2020 NY Slip Op 00111


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-13438
 (Index No. 51634/16)

[*1]Melissa Kelly, etc., respondent, 
v
Roy C. Ketcham High School, et al., appellants.


Drake Loeb PLLC, New Windsor, NY (Alana R. Bartley of counsel), for appellants.
O'Connor & Partners, PLLC, Poughkeepsie, NY (Christopher P. Ragucci and Michael Kolb of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated October 2, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Wappingers Central School District.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 2, 2015, the plaintiff's daughter, who was a student at the defendant Roy C. Ketcham High School, allegedly sustained injuries while inside the gymnasium of the defendant Wappingers Junior High School when a screw protruding from the bottom portion of a set of extended retractable bleachers lacerated her left leg as she walked by. The plaintiff, as mother and natural guardian of her infant child, commenced this action against both schools and the defendant Wappingers Central School District (hereinafter the School District). Following discovery, the defendants moved for summary judgment dismissing the complaint. As relevant to this appeal, the Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the School District on the ground that the defendants failed to establish, prima facie, that the School District lacked constructive notice of the alleged dangerous condition. The defendants appeal.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Shea v Massapequa Union Free Sch. Dist., 117 AD3d 817; Sheehan v J.J. Stevens & Co., Inc., 39 AD3d 622). To meet its initial burden on the issue of lack of constructive notice, the moving party is required to offer some evidence as to when the accident site was last inspected or maintained prior to the plaintiff's accident (see Mavis v Rexcorp Realty, LLC, 143 AD3d 678, 679).
Here, in support of their motion, the defendants submitted, inter alia, the affidavit of the School District's Director of Facilities, Roald Broas, who averred, in relevant part, that the School District did not maintain the subject bleachers, but instead "hire[d] subcontractors to perform inspections and maintenance of the bleachers." Broas's conclusory affidavit—which failed to identify the subcontractor who performed the last inspection or maintenance on the bleachers, as well as when and how such inspection or maintenance was performed—was insufficient to establish, prima facie, the School District's lack of constructive notice of the alleged dangerous condition (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Moreno v County of Nassau, 127 AD3d 707, 708). Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the School District, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court