Ain v Allstate Ins. Co. (2020 NY Slip Op 02042)





Ain v Allstate Ins. Co.


2020 NY Slip Op 02042


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-04188
 (Index No. 706068/13)

[*1]Martin J. Ain, et al., appellants,
v
Allstate Insurance Company, respondent.


Denis G. Kelly & Associates, P.C., Long Beach, NY, for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Karen M. Berberich and Amy E. Bedell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 23, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
The plaintiffs owned a house in Belle Harbor which was destroyed on or about October 29-30, 2012, by Superstorm Sandy. At the time, the property was insured under three different insurance policies: (i) a National Flood Insurance Program policy (hereinafter the NFIP policy), provided by the Federal Emergency Management Agency and administered by the defendant, Allstate Insurance Company (hereinafter Allstate); (ii) an excess flood insurance policy provided by Pacific Specialty Insurance Company (hereinafter the Excess Flood Policy); and (iii) a Deluxe Plus Homeowners Policy provided by Allstate (hereinafter the Homeowners Policy). The plaintiffs made claims under each of the policies. The NFIP Policy and the Excess Flood Policy were paid out in full. The Homeowners Policy did not cover damages caused or predominantly caused by flooding. Allstate adjusted the plaintiffs' claim for losses to the second and third floors of the property, which the plaintiffs alleged were caused solely and exclusively by wind and wind-driven rain, and determined that the amount of the losses solely attributable to wind damage was $10,742.02. After applying depreciation and the Homeowners Policy deductible, Allstate tendered $7,021.84 to the plaintiffs.
On December 23, 2013, the plaintiffs commenced this action alleging that Allstate breached the Homeowners Policy by failing to pay the full amount of the claim. Approximately two years after Allstate joined issue, it moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, or, in the alternative, for summary judgment dismissing the complaint. The Supreme Court treated Allstate's motion as one for summary judgment, and granted Allstate summary judgment dismissing the complaint. The plaintiffs appeal.
We agree with the Supreme Court's determination to treat Allstate's motion solely as one for summary judgment, as the parties demonstrated with their submissions that they were "laying bare their proof and deliberately charting a summary judgment course" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258-259; see Bank of N.Y. Mellon v Green, 132 AD3d 706, 706-707; Okeke v Momah, 132 AD3d 648, 648).
"An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680). " In determining a dispute over insurance coverage, we first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect'" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221-222). A court will " not disregard clear provisions which the insurers inserted in the policies and the insured accepted, and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against'" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d at 162, quoting Caporino v Travelers Ins. Co., 62 NY2d 234, 239). "[E]xclusions or exceptions from coverage must be specific and clear in order to be enforced" (Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 831 [internal quotation marks omitted]). "[A]mbiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (Breed v Insurance. Co. of N. Am., 46 NY2d 351, 353; see Cohen & Slamowitz, LLP v Zurich Am. Ins. Co., 168 AD3d 905, 906).
Here, Allstate's submissions demonstrated the existence of a triable issue of fact as to whether the losses to the property were excluded under the Homeowners Policy. The Homeowners Policy provides that Allstate will cover "sudden and accidental direct physical loss to property" covered under Coverages A and B. With respect to personal property under Coverage C, Allstate agreed to cover "sudden and accidental direct physical loss to the property" caused by "[w]indstorm or [h]ail," which includes "wind, wind gusts, hail, rain, tornadoes or cyclones caused by, or resulting from, a hurricane which results in sudden and accidental direct physical loss or damage to covered property." Notably, the Homeowners Policy provides that Allstate will not cover "loss to covered property inside a building structure, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall."
The Homeowners Policy contains three exclusions which Allstate has raised here: the flood exclusion, the "weather conditions" exclusion, and the "predominant cause" exclusion. The Homeowners Policy states that Allstate does not cover losses caused by "[f]lood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind." The "weather conditions" exclusion states that Allstate does not cover losses caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss." The "predominant cause" exclusion states that Allstate will not cover loss to a covered property when "there are two or more causes of loss to the covered property" and "the predominant cause(s) of loss is (are) excluded" under other provisions of the Policy.
In support of its motion, Allstate submitted three expert reports. David Britton, a professional engineer employed by Conestoga-Rovers & Associates, opined that the damage observed during his inspection of the property was "consistent with velocity flow, erosion, and wave action caused by storm surge." With respect to wind damage, he acknowledged that the "extent of the damage to the [plaintiffs'] residence due to wind forces could not be determined based on the evidence that was present during the site visit." Despite this, Britton opined that "the predominant cause of loss to the [plaintiffs'] residence was the storm surge and flooding that occurred during Superstorm Sandy." This opinion is speculative and unsupported by the facts in evidence (see Troy v Grosso, 173 AD3d 1110, 1110-1111; Wagner v Parker, 172 AD3d 954, 955). If Britton could not determine the extent of damage caused by wind forces, he could not also conclude that the predominant cause of such damage was flooding without engaging in speculation.
Similar to Britton, Todd Cormier, a professional engineer employed by Halliwell Engineering Associates, opined that "the predominant cause of loss to the [plaintiffs'] residence was the flooding, storm surge and wave action that occurred during Superstorm Sandy." He concluded that the winds that affected the property were not capable of causing structural damage to the plaintiffs' house or roof. In his opinion, wind damage to the property would have been minimal. However, the report of Jay B. Rosen of SE2 Engineering, LLC, the plaintiff's expert, which Allstate also submitted in support of its motion, contradicted Cormier's report. Rosen acknowledged that the property was flooded, but found that the wind speed during Superstorm Sandy at the property would have enough force to displace the roof. As a result, Rosen opined that it "is difficult, if not impossible, to determine the extent of damage to the structure due to wind forces as compared to flood forces." Accordingly, Rosen's report raised a triable issue of fact (see Pesante v Vertical Indus. Dev. Corp., 142 AD3d 656, 657, affd 29 NY3d 983). Although Britton's report attempts to discredit Rosen's conclusions, the disagreement between the experts "presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution" (B.G. v Cabbad, 172 AD3d 686, 688 [internal quotation marks omitted]).
Furthermore, there is a triable issue of fact as to whether the "weather conditions" exclusion applies. This exclusion states that Allstate does not cover losses caused by "Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss." In New York, "where multiple perils work together to cause the same loss, and one or more of those perils is covered under the policy, . . . the loss will be covered if the proximate, efficient and dominant cause' of the loss is covered by the policy" (Greenberg v Privilege Underwriters Reciprocal Exch., 169 AD3d 878, 880, quoting Album Realty Corp. v American Home Assur. Co., 80 NY2d 1008, 1010). Since there is a triable issue of fact as to whether flooding was the predominant cause of the plaintiffs' loss, there is also a triable issue of fact as to whether flooding was the "proximate, efficient and dominant cause" of the plaintiffs' loss.
Finally, to the extent that Allstate contends that the plaintiffs' losses are not covered because Superstorm Sandy, as a post-tropical or extra-tropical storm, was a "weather condition" that contributed with a cause of loss excluded under the Policy (i.e., flooding), the "weather conditions" exclusion is ambiguous (see Buente v Allstate Ins. Co., 422 F Supp 2d 690, 696-697 [SD Miss]). The Homeowners Policy contains a severe hurricanes deductible which states that Allstate will pay for a covered loss caused by a windstorm, defined as wind, wind gusts, or rain resulting from a hurricane. If Superstorm Sandy's winds and rain were considered "weather conditions" which were excluded under the Policy, the hurricane deductible would be rendered meaningless.
Since Allstate's submissions demonstrated the existence of triable issue of fact, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court