Kc v Half Hollow Hills Sch. Dist. (2020 NY Slip Op 03905)





Kc v Half Hollow Hills Sch. Dist.


2020 NY Slip Op 03905


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03749
 (Index No. 613495/15)

[*1]KC, etc., et al., respondents, 
v
Half Hollow Hills School District, appellant.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for appellant.
Rappaport, Glass, Levine & Zullo, LLP, Islandia, NY (Christopher M. Glass of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 25, 2019. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 9, 2014, the infant plaintiff allegedly sustained injuries at her middle school in Suffolk County when her hands made contact with a pane of glass on the door of the gym, causing the glass to shatter. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendant, alleging, inter alia, that the defendant was negligent in failing to equip the gym door with shatterproof safety glass. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the defendant's contention, it failed to establish, prima facie, that it had no duty to install shatterproof safety glass on the gym doors (see Horowitz v 763 E. Assoc., LLC, 125 AD3d 808, 810; Karthanasis v Eastchester Union Free Sch. Dist., 119 AD3d 904; Dwyer v Diocese of Rockville Ctr., 45 AD3d 527; see also Trimarco v Klein, 56 NY2d 98; Stevens v Central School Dist. No. 1, 25 AD2d 871, affd 21 NY2d 780; cf. Hassan-Willis v St. Gerard's School, 6 AD3d 577, 578; Bradley v Smithtown Cent. School Dist., 265 AD2d 283, 284).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court