Vasquez v Za Late Night Pizzeria (2020 NY Slip Op 06575)





Vasquez v Za Late Night Pizzeria


2020 NY Slip Op 06575


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-02480
 (Index No. 604772/15)

[*1]Megan Vasquez, appellant, 
v
Za Late Night Pizzeria, et al., respondents (and a third-party action).


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Jeffrey Kim, P.C., Bayside, NY (Stephen E. Kwan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered January 30, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion for leave to amend her bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when she was pushed through the storefront window of a restaurant owned by the defendants. Thereafter, the plaintiff commenced the instant action alleging that the defendants were negligent in failing to install safety glass in the storefront window. The defendants moved to dismiss the complaint, and the plaintiff cross-moved for leave to amend her bill of particulars. The Supreme Court granted the defendants' motion and denied, as academic, the plaintiff's cross motion. The plaintiff appeals.
The defendants made a prima facie showing of entitlement to judgment as a matter of law (see Dwyer v Diocese of Rockville Ctr., 45 AD3d 527, 527). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants were negligent in failing to use safety glass in the window. The affidavit of the plaintiff's expert was conclusory and thus, was insufficient to raise a triable issue of fact as to whether the defendants had violated the cited regulation (see Mele v Golian Realty Co., Inc., 7 AD3d 683, 684; Hassan-Willis v St. Gerard's School, 6 AD3d 577, 578; Sepulveda v Reynolds, 288 AD2d 368, 369). Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint and to deny, as academic, the plaintiff's cross motion for leave to amend her bill of particulars.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court