R.B. v Sewanhaka Cent. High Sch. Dist. (2022 NY Slip Op 04616)

R.B. v Sewanhaka Cent. High Sch. Dist.

2022 NY Slip Op 04616

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-04396
 (Index No. 605410/18)

[*1]R.B., etc., et al., appellants, 
v
Sewanhaka Central High School District, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated April 3, 2020. The judgment, upon an order of the same court entered November 6, 2019, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action alleging premises liability; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging premises liability is denied, the order is modified accordingly, and the cause of action alleging premises liability is reinstated.
The infant plaintiff, an eighth grade student at a school in the defendant school district, allegedly sustained injuries while pretending to play basketball in the school's entranceway when he inadvertently slapped a glass panel of a wall-mounted display case instead of hitting the wall, causing the glass to shatter. The infant plaintiff, by his mother, and his mother individually, commenced this action, asserting that the defendant negligently maintained the school premises, negligently supervised the students, and negligently hired and trained its employees. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and a judgment was entered dismissing the complaint. The plaintiffs appeal from the judgment.
Concerning the cause of action alleging premises liability, "[a] property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Kelly v Roy C. Ketcham High Sch., 179 AD3d 653, 654). A "defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (id. at 654; see Karathanasis v Eastchester Union Free Sch. Dist., 119 [*2]AD3d 904, 904-905). However, there is "no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Masker v Smith, 188 AD3d 867, 868). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Leem v 152-24 N., LLC, 201 AD3d 918, 919 [internal quotation marks omitted]).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging premises liability. The defendant's evidence in support of the motion did not eliminate triable issues of fact as to whether it had notice of the allegedly dangerous or defective condition because, among other things, the head custodian of the school testified at his deposition that at least one other glass panel in a similar display case in the school had shattered prior to the accident (see KC v Half Hollow Hills Sch. Dist., 185 AD3d 806, 806; Karathanasis v Eastchester Union Free Sch. Dist., 119 AD3d at 904-905). Further, the evidence submitted in support of the defendant's motion failed to eliminate all triable issues of fact as to whether the glass panel was open and obvious and not inherently dangerous. In particular, the evidence demonstrated that the display case where the accident occurred contained two panes of shatterproof plexiglass and one glass pane and that the infant plaintiff was under the impression that the display case was made entirely of unbreakable material. Since the defendant did not meet its prima facie burden, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging premises liability, without regard to the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With regard to the cause of action alleging negligent supervision, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (J.F. v Brentwood Union Free Sch. Dist., 184 AD3d 806, 807 [internal quotation marks omitted]; see Mirand v City of New York, 84 NY2d 44, 49). "However, schools are not the insurers of safety of their students . . . and schools are not liable for every thoughtless or careless act by which one pupil may injure another" (I.S. v Hempstead Union Free Sch. Dist., 193 AD3d 896, 897 [internal quotation marks omitted]; see Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 306). "To find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained" (Ronan v School Dist. of City of New Rochelle, 35 AD3d 429, 430 [internal quotation marks omitted]). Moreover, where "an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not a proximate cause of the injury" (Colantonio v Mount Sinai Union Free Sch. Dist., 193 AD3d 1031, 1032; see B.J. v Board of Educ. of the City of N.Y., 172 AD3d 693, 694-695).
Here, the defendant sustained its burden of establishing that it lacked specific notice of the allegedly dangerous conduct. Moreover, the defendant established that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries because the accident occurred in a matter of seconds, and the infant plaintiff's maneuver in hitting the glass panel while pretending to play basketball was a sudden and spontaneous occurrence. In opposition, the plaintiffs failed to raise a triable issue of fact.
Therefore, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the negligent supervision cause of action.
The plaintiffs' remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court