■ LUISA THOMPSON, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—Order, Supreme Court, Bronx County (Hansel L. McGee, J.), entered on or about October 17, 1988, which granted motions by defendants Acolyte Electric Corp. and the City of New York dismissing the complaint as to them, unanimously affirmed, without costs.

Plaintiff, a pedestrian, was struck by an automobile driven by the defendant Chung Nam Oh while crossing the Grand Concourse in The Bronx. The nearest streetlight was unlit. Plaintiff sued the city for failure to keep its streetlight lit, and sued defendant Acolyte Electric Corp. based on its contract with the city to maintain and repair street lights in The Bronx.

The IAS court correctly granted summary judgment dismissing the complaint as to Acolyte, especially in view of the fact that its contract with the city explicitly stated that it was intended to benefit the city, and not the general public. "Under New York law, a duty directly assumed to benefit one person does not extend to third parties who are not intended beneficiaries of the undertaking to perform, even if it is foreseeable that someone else might be damaged by the nonfeasance *(Moch Co. v Rennselaer Water Co.,* 247 NY 160, 167-169; 2 Harper and James, The Law of Torts, § 18.6, pp. 1050-1051)." *(Oathout v Johnson,* 88 AD2d 1010.) Thus, Acolyte's alleged failure to replace burned-out bulbs in violation of its contract with the city created no liability on the part of Acolyte to the plaintiff *(Kraye v Long Is. Light. Co.,* 42 AD2d 972; *Nicholson v City of New York,* 271 App Div 899, *affd* 297 NY 548; *see also, Haigler v City of New York,* 135 AD2d 362; *Einhorn v Seeley,* 136 AD2d 122).

In order to find the city liable, there must be more than a duty owing to the general public; there must exist a special relationship between the city and the plaintiff resulting in the creation of a duty to use due care for the benefit of particular persons or classes of persons. *(Florence v Goldberg,* 44 NY2d 189, 195.)* Streetlighting is a governmental function benefiting the general public, and the failure of the city to keep a particular streetlight lit "cannot be properly regarded as an action of negligence rendering it liable for injuries sustained by a person solely through such failure" *(Schlicher v City of New York,* 175 Misc 696, 697, *affd* 264 App Div 763). We recognize that the city might have been liable to the plaintiff if it had failed to provide lighting to illuminate unusual and dangerous road conditions *(see, e.g., Hotaling v Village of Cobleskill,* 261 NY 599; *Mammana v Village of Brocton,* 254 NY 588). Plaintiff failed to introduce evidence of any such condition in this case. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.