**14** JOYCE FRANCOIS et al., Respondents, v NEW YORK CITY, Respondent, and IVAN BRISON et al., Appellants and Third-Party Plaintiffs-Appellants. ACOLYTE ELECTRICAL CORPORATION, Third-Party Defendant-Respondent.—Order of the Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 6, 1989, which granted a motion by third-party defendant Acolyte Electrical Corporation for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

At about 8:00 A.M. on February 16, 1984, an automobile driven by plaintiff James Francois stopped at a red light at the intersection of Bronxwood Avenue and East 222nd Street in the Bronx. As it became clear that the light was stuck on red (there was a steady green signal for traffic on Bronxwood Avenue), Mr. Francois eased his vehicle into the intersection. It was struck by a vehicle owned and operated by defendants and third-party plaintiffs Van Rae Electrical, Inc. and Ivan Brison (hereafter defendants), causing injuries to Mr. Francois and his wife who was a passenger (hereafter plaintiffs).

Plaintiffs sued the city and defendants, and defendants brought a third-party action against Acolyte which had a contract with the city to maintain its traffic lights. Acolyte had previously repaired the signal light on December 31, 1983, six weeks prior to the accident, and the third-party action sought indemnification and contribution from Acolyte based on the latter's allegedly negligent repair. Acolyte moved for summary judgment on the ground that the sole proximate cause of the accident was Mr. Francois' negligence in driving past the red light into the intersection. Supreme Court

granted summary judgment on the ground that there was no contractual privity between Acolyte and defendants.

This case is governed by our recent decision in *Thompson v City of New York* (157 AD2d 634). In *Thompson,* the plaintiff, a pedestrian, was hit by an automobile in an area ordinarily illuminated by a streetlight, which was unlit at the time of the accident. We affirmed an order granting summary judgment to Acolyte, applying the principle that, in this State, " 'a duty directly assumed to benefit one person does not extend to third parties who are not intended beneficiaries of the undertaking to perform, even if it is foreseeable that someone else might be damaged by the nonfeasance' " *(supra,* at 635; *Oathout v Johnson,* 88 AD2d 1010). In the instant case, although a negligent signal light repair is alleged to have occurred on December 31, 1983, there is no evidence of any negligence despite the completion of discovery. In any event, "[e]ven when the negligence consists of malfeasance in the promised performance, rather than nonfeasance, there is no liability for injuries thereby sustained by members of the general public at large or of an indeterminate class" *(Oathout v Johnson, supra,* at 1010). Accordingly, summary judgment was properly granted. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.