■ MARK IMMERMAN et al., Respondents, v CITY OF NEW YORK et al., Defendants, and S. N. TANNOR, INC., Appellant. (And Other Titles.) [609 NYS2d 311] —In a consolidated action to recover damages for personal injuries and property damages arising out of an automobile accident, S. N. Tannor, Inc., appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered February 20, 1992, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it by Mark and Klara Immerman and C.T. Pizza, Inc., (2) from so much of an order of the same court, dated July 29, 1992, as, upon reargument, adhered to its original determination, and (3) from an order of the same court, dated August 13, 1992, which denied its motion for summary judgment dismissing the

cross claims and/or third-complaint of the City of New York insofar as asserted against it.

Ordered that the appeal from the order entered February 20, 1992, is dismissed, as that order was superseded by the order dated July 29, 1992, made upon reargument; and it is further,

Ordered that the order dated July 29, 1992, is reversed insofar as appealed from, on the law, the order entered February 20, 1992, is vacated insofar as reviewed, the motion by S. N. Tannor, Inc., for summary judgment dismissing the complaint insofar as asserted against it by Mark and Klara Immerman and C.T. Pizza Inc., is granted; and it is further,

Ordered that the appeal from the order dated August 13, 1992, is dismissed as abandoned; and it is further,

Ordered that S. N. Tannor, Inc., is awarded one bill of costs payable by Mark and Klara Immerman and C.T. Pizza, Inc.

On January 2, 1985, at 6:50 P.M., two vehicles collided at the intersection of Church and Coney Island Avenues in Brooklyn and then allegedly crashed into the pizzeria owned by C.T. Pizza, Inc. The traffic signal was not functioning at the time of the accident. S. N. Tannor, Inc. (hereinafter Tannor) was under contract with the City of New York to repair the traffic signals at that intersection after the City gave notice to Tannor of the needed repair. At 5:41 P.M., Tannor received a transmission that indicated that all lights were out at the "traffic controller" and that Tannor was obligated to respond within two hours. The accident occurred at 6:50 P.M., prior to the expiration of the two-hour response time.

The driver and owner of one of the vehicles in the accident along with his wife and C.T. Pizza, Inc., commenced this consolidated action against Tannor, among others, alleging that Tannor had been negligent with regard to repair and maintenance of the traffic signal. We find that the Supreme Court erred in failing to grant summary judgment to Tannor, dismissing those claims as, on this record, there is no evidence of negligence on the part of Tannor. We reach no other issue. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.