■ PAULINE POWELL, as Administratrix of the Estate of CARMEN TAFFE, Deceased, et al., Respondents, v CITY OF NEW YORK, Respondent-Appellant, L.K. COMSTOCK & Co., Appellant-Respondent, and ISLAND TRANSPORTATION CORP., Respondent, et al., Defendant. (And Other Consolidated Actions.) KAY GONZALEZ et al., Respondents, v CITY OF NEW YORK, Respondent-Appellant, and L.K. COMSTOCK & Co., INC., Appellant-Respondent, et al., Defendant. (And Other Actions.) [673 NYS2d 86] —Order, Supreme Court, Bronx County (Douglas

McKeon, J.), entered December 26, 1996, which, in a consolidated action for wrongful death and personal injuries allegedly caused by a malfunctioning traffic light, denied appellant contractor's motion for summary judgment and appellant City of New York's cross motion for partial summary judgment, unanimously modified, on the law, to grant appellant contractor's motion to the extent of dismissing plaintiffs' direct causes of action against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The contract between the contractor and the City, which requires the former to exercise "extreme diligence" in repairing traffic lights only after being notified by the City that a traffic light is in need of repair, and which states that it is not to be "deemed to create any new right of action in favor of third parties against the Contractor", does not evince an intention that the City's nondelegable duty to maintain its highways in a reasonably safe condition (*see, Stiuso v City of New York*, 87 NY2d 889, 890-891) be supplemented with a comparable duty on the part of the contractor, or that the contractor's orbit of duty be otherwise broadened to members of the general public (*see, Ayala v Kaestner*, 224 AD2d 266, 267, citing *Parada v City of New York*, 205 AD2d 427, 429; *see also, Francois v New York City*, 161 AD2d 319; *see generally, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226-227; *Moch Co. v Rennselaer Water Co.*, 247 NY 160, 164). However, while the contractor cannot be held liable to plaintiffs, issues of fact exist as to whether the contractor negligently performed its contract with the City, raised by, *inter alia*, evidence that the traffic light had been often malfunctioning for three or four months prior to the accident and expert affidavits that the unusually high frequency of repairs to the light was indicative of negligent maintenance, and thus the contractor's motion to dismiss the City's claim for indemnification was properly denied. Nor can we find, as both the City and the contractor argue, that the malfunction, which, according to the predominate version of the event, involved a steady red signal for northbound traffic and a steady green signal for eastbound traffic, could not have been a proximate cause of the accident as a matter of law (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315). Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ.