■ RAFAEL TORRES, JR., Respondent, v CITY OF NEW YORK et al., Respondents, and WELSBACH ELECTRIC CORPORATION, Appellant. [750 NYS2d 9] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered October 3, 2001, which, inter alia, granted the motion of defendant Welsbach Electric Corporation for summary judgment to the extent of dismissing the complaint against it but denied the motion insofar as it sought dismissal of the cross claims against it and the third-party complaint, unanimously modified, on the law, to grant the motion to the further extent of dismissing the cross claims and third-party complaint, and otherwise affirmed, without costs.

Summary judgment movant Welsbach contracted with defendant City of New York to maintain the traffic signal whose malfunction is alleged by plaintiff to have proximately caused the accident in which plaintiff's decedent died. The complaint against Welsbach was, however, properly dismissed since Welsbach, when it contracted to maintain the subject traffic signal, did not assume a duty to the general public, and thus assumed no duty enforceable by plaintiff (*see Francois v New York City*, 161 AD2d 319). Nor did Welsbach assume any duty enforceable by defendant cross claimants Mendoza and Ryder Truck Rental and, that being the case, Welsbach's motion should have been granted to the further extent of dismissing the cross claims against it (*id.*). Summary judgment should also have been granted dismissing the third-party complaint since Welsbach, in support of its motion, made the necessary prima facie showing that it had satisfied such duty as it had contractually undertaken to maintain the traffic signal in question and third-party plaintiff City, electing not to oppose the motion, raised no triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 560). Since we have dismissed the action against Welsbach, Welsbach has no standing to object to the discovery ordered against the City. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.