■ CLAIRE LUDWIG, Respondent, v WELSBACH ELECTRIC CORP., Appellant. CLAIRE LUDWIG, Respondent, v CITY OF NEW YORK et al., Respondents. [757 NYS2d 747] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered October 28, 2002, which, in an action for personal injuries sustained in a car accident allegedly caused by a malfunctioning traffic light that defendant-appellant was under contract with defendant City of New York to maintain, insofar as appealed from, denied appellant's motion for summary judgment dismissing plaintiff's complaint and the City's cross claim as against it, with leave to renew upon completion of disclosure, unanimously affirmed, without costs.

Appellant can be held liable to plaintiff upon a showing that its "affirmative act of negligence," as opposed to "mere failure to properly maintain," created "a dangerous condition" (Brown v Welsbach Corp., 301 NY 202, 205 [1950]), i.e., that its negligent repair or maintenance of the traffic light had

" 'advanced to such a point as to have launched a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139, 140 [2002]). Plaintiff and the City should be given an opportunity to explore that issue given appellant's exclusive knowledge of the nature, extent and time of the repair and maintenance work it performed on the subject traffic light (CPLR 3212 [f]). We have considered appellant's other arguments and find them unavailing. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.