■ ANGEL RUIZ, Respondent, v ALEXANDRA PERALTA et al., Defendants, WELSBACH ELECTRIC CORP., Appellant, and CITY OF NEW YORK et al., Respondents. [760 NYS2d 324] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered March 4, 2003, which, in an action for personal injuries allegedly caused by a malfunctioning traffic light that defendant-appellant was under contract with defendant City of New York to maintain, insofar as appealed from, denied appellant's motion for summary judgment dismissing the complaint and the City's cross claim as against it, with leave to renew upon completion of disclosure, unanimously affirmed, without costs.

The evidence of multiple repairs on the subject traffic light performed by appellant in the eight months before the accident warrants denial of its motion for summary judgment without prejudice to renewal upon completion of disclosure (CPLR 3212 [f]; *Ludwig v Welsbach Elec. Corp.*, 305 AD2d 124 [2003]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ORTIZ, Appellant. [760 NYS2d 324] —Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered September 7, 2001, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification. We conclude that the victim had a sufficient opportunity to observe defendant at the time of the crime and was able to make a reliable identification.

The court properly exercised its discretion in denying defendant youthful offender treatment (*see People v Drayton*, 39 NY2d 580, 584 [1976]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.