■ SUZE DAVILMAR, Plaintiff, v CITY OF NEW YORK, Defendant, 711 HACKING CORP. et al., Appellants, and WELSBACH ELECTRIC CORP., Respondent. [775 NYS2d 880]—

In an action, inter alia, to recover damages for personal injuries, the defendants 711 Hacking Corp. and Jillur Rahman appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 6, 2003,

as granted that branch of the motion of the defendant Welsbach Electric Corp. which was for summary judgment dismissing their cross claim insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Welsbach Electric Corp. which was for summary judgment dismissing the appellants' cross claim insofar as asserted against it is denied, and the appellants' cross claim against Welsbach Electric Corp. is reinstated.

This case involves a malfunctioning traffic signal. The defendant Welsbach Electric Corp. (hereinafter Welsbach), a contractor hired by the defendant City of New York to maintain traffic signals, moved for summary judgment dismissing the cross claim based upon the general rule that a contractual obligation ordinarily will not give rise to tort liability in favor of a third party (*see Torres v City of New York,* 298 AD2d 318 [2002]; *Ray v Hertz Corp.,* 271 AD2d 374 [2000]; *Powell v City of New York,* 250 AD2d 409 [1998]; *Francois v New York City,* 161 AD2d 319 [1990]) and on the ground that its conduct was not a proximate cause of the accident.

However, the malfunctioning traffic signal may constitute a proximate cause of the accident (*see Powell v City of New York, supra* at 410). Further, it is well settled that there are exceptions to the general rule that a contractual obligation will generally not give rise to tort liability in favor of a third party. These exceptions are "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' . . .; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002] [citations omitted]). The negligent repair of a traffic light may fall within the first exception for launching a force or instrument of harm (*see Ruiz v Peralta,* 306 AD2d 150 [2003]; *Ludwig v Welsbach Elec. Corp.,* 305 AD2d 124 [2003]). Welsbach failed to submit evidence of the "nature, extent and time of the repair and maintenance work it performed" which was within its exclusive knowledge (*Ludwig v Welsbach Elec. Corp., supra* at 125). Accordingly, it failed to establish its entitlement to judgment as a matter of law.

In any event, in opposition to that branch of the motion, evidence in admissible form was submitted that Welsbach last repaired the traffic signal on May 29, 1996, at 2300 hours (11:00 P.M.), approximately eight hours before the accident, and a total

of six repair calls were made with respect to that traffic signal in May 1996. Thus, the plaintiff raised an issue of fact as to whether Welsbach's repairs were negligently performed, launching a force or instrument of harm (*see Ruiz v Peralta, supra; Ludwig v Welsbach Elec. Corp., supra*). Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.