■ BRENT F. FUNG et al., Respondents, v JAPAN AIRLINES COMPANY, LTD., et al., Defendants, and JAPAN AIRLINES MANAGEMENT CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. AERO SNOW REMOVAL CORP., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) (Action No. 1.) BRENT F. FUNG et al., Respondents, v AERO SNOW REMOVAL CORP., Appellant. (Action No. 2.) [820 NYS2d 89]—

In two related actions, inter alia, to recover damages for personal injuries, Japan Airlines Management Corp., the defendant and third-party plaintiff in action No. 1, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 30, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 1, and Aero Snow Removal Corp., the third-party defendant in action No. 1 and the defendant in action No. 2, separately appeals from so much of the same order as denied its separate motions for summary judgment dismissing the third-party complaint in action No. 1 and the complaint in action No. 2.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with one bill of costs, that branch of the motion of the defendant Japan Airlines Management Corp. which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 1 is granted, the motions of the defendant Aero Snow Removal Corp. for summary judgment dismissing the third-party complaint in action No. 1 and the complaint in action No. 2 are granted, the complaint in action No. 1 is dismissed as against the defendant Japan Airlines Management Corp., action No. 1 is severed

against the remaining defendants, the third-party complaint is dismissed, and the complaint in action No. 2 is dismissed.

The injured plaintiff, Brent F. Fung, allegedly slipped and fell on a patch of ice in a parking lot that was owned by his employer, the Port Authority of New York and New Jersey (hereinafter the Port Authority). Pursuant to an agreement with the Port Authority, Japan Airlines Management Corp. (hereinafter Japan Airlines) was obligated to, among other things, contract for snow removal services for the subject parking lot. Japan Airlines entered into a contract with Aero Snow Removal Corp. (hereinafter Aero Snow) to perform the snow removal.

Since the injured plaintiff recovered worker's compensation benefits from his employer, the Port Authority, and Japan Airlines was serving as the Port Authority's managing agent when the accident occurred, the plaintiffs' claims against Japan Airlines are barred pursuant to the exclusivity provisions of Workers Compensation Law § 29 (*see Seudath v Mott,* 202 AD2d 658 [1994]). Accordingly, that branch of Japan Airlines' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 1, and Aero Snow's motion for summary judgment dismissing the third-party complaint in action No. 1, should have been granted.

Furthermore, in response to Aero Snow's demonstration of its entitlement to judgment as a matter of law dismissing the complaint in action No. 2, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Aero Snow did not assume a duty to exercise reasonable care to prevent foreseeable harm to the injured plaintiff by virtue of its snow removal contract with Japan Airlines (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Baratta v Home Depot USA,* 303 AD2d 434 [2003]). Additionally, the evidence failed to show that Aero Snow "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [1928]), creating or exacerbating a hazardous condition, or that the injured plaintiff detrimentally relied on Aero Snow's continued performance of its contractual duties (*see McConologue v Summer St. Stamford Corp.,* 16 AD3d 468 [2005]). Thus, Aero Snow's motion for summary judgment dismissing the complaint in action No. 2 should have been granted.

The parties' remaining contentions have either been rendered academic or are without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.