■ PIERINA SALVATI, Respondent, v PROFESSIONAL SECURITY BUREAU, LTD., Appellant. [835 NYS2d 656]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Westchester County (Coppola, J.H.O.), dated December 5, 2005, which, upon a jury verdict finding it to be 85% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

Although a contractual obligation alone generally does not create a duty of care toward a third party (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), the Court of Appeals, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002] [citations omitted]), described three circumstances in which a contracting party assumes a duty of care to persons outside the contract. These are: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launches a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely."

In an order denying the defendant's motion for summary judgment dismissing the complaint entered May 29, 2003, the Supreme Court properly found that the second and third theories of liability articulated in *Espinal* did not apply in the instant

case. Thus, the plaintiff could only succeed if she demonstrated at trial that the defendant launched a force or instrument of harm. In order to establish this, the plaintiff was required to show that the defendant either created or exacerbated a dangerous condition (*see Espinal v Melville Snow Contrs., supra; see also Fung v Japan Airlines Co., Ltd.*, 31 AD3d 707 [2006]). The plaintiff failed to present any such evidence at trial (*cf. Davilmar v City of New York*, 7 AD3d 559, 560 [2004], citing *Ruiz v Peralta*, 306 AD2d 150 [2003]). Accordingly, the interlocutory judgment must be reversed, and the complaint dismissed. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.