■ MARYLOU LAAP et al., Plaintiffs, v YOON HO KIM FRANCIS et al., Respondents, and WELSBACH ELECTRIC CORP., Appellant. [865 NYS2d 117]—

In an action to recover damages for personal injuries, etc., the defendant Welsbach Electric Corp. appeals, as limited by its oral argument, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated August 30, 2007, as denied that branch of its motion which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the respondent City of New York.

On June 21, 2004, the vehicles operated by the plaintiff Marylou Laap and the defendant Yoon Ho Kim Francis collided at the intersection of Utopia Parkway and 64th Avenue in Queens. It is undisputed that the red light of the traffic signal controlling northbound traffic had malfunctioned. The plaintiffs contended that the accident occurred as a result of the negligent repair of the traffic signals at the subject intersection by the defendant Welsbach Electric Co. (hereinafter Welsbach), which had contracted with the City of New York to maintain all of the traffic signals in the Borough of Queens. Welsbach moved, inter alia, for summary judgment dismissing all cross claims insofar as asserted against it, on the ground, among other things, that it properly performed its contractual duties with respect to the subject intersection. The Supreme Court denied the motion.

Welsbach failed to establish its prima facie entitlement to judgment as matter of law on the cross claims asserted against it, as a Welsbach "Maintenance Report" was internally inconsistent concerning whether Welsbach replaced a pole and traffic signal on the north center mall of the subject intersection on April 26, 2004, approximately two months before the accident. Therefore, Welsbach failed to demonstrate, prima facie, that it was not negligent in the repair of the traffic signals controlling traffic at the subject intersection, and thus did not establish that it exercised reasonable care in the performance of the contractual duties it owed to the City. Rather, Welsbach's submissions revealed the existence of triable issues of fact as to whether it created an unreasonable risk of harm to others, or increased that risk, and launched a force or instrument of harm (see Church v Callanan Indus., 99 NY2d 104, 111 [2002]; Espinal v Melville Snow Contrs., 98 NY2d 136, 139, 141-142 [2002]; Moch Co. v Rensselaer Water Co., 247 NY 160, 167 [1928]; Davilmar v City of New York, 7 AD3d 559, 560 [2004]). Accordingly, the Supreme Court properly denied that branch of Welsbach's motion which was for summary judgment dismissing all cross claims insofar as asserted against it (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]; Armijo v George A. Mitchell Co., 53 AD3d 516 [2008]; Dykeman v Heht, 52 AD3d 767 [2008]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.