■ JENNETTE M. WATT, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [13 NYS3d 192]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered April 4, 2014, as granted those branches of the motion of the defendant Welsbach of Long Island and the cross motion of the County of Nassau which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly sustained personal injuries at an intersection when her vehicle collided with a vehicle operated by the defendant Luis A. Gonzalez and owned by the defendant Teresa M. Gonzalez. The traffic signal governing the subject intersection was not working properly at the time of the accident. Pursuant to a written service contract between the defendant County of Nassau and the defendant Welsbach of Long Island (hereinafter Welsbach), Welsbach was required to respond to a malfunctioning traffic light within two hours of its receipt of the notification. On the day of the accident, about one hour and 15 minutes prior to the accident, Welsbach received notification from the Freeport Police Department that the traffic signal at the subject intersection was malfunctioning. Welsbach allegedly responded to the scene and repaired the condition after the accident occurred, but within two hours after it had received notice of the defect.

Subsequently, the plaintiff commenced this action against, among others, Teresa M. Gonzalez, Luis A. Gonzalez, the County, and Welsbach. Welsbach moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, inter alia, that it owed no duty of care to the plaintiff and that, in any event, the malfunctioning traffic signal was not a proximate cause of the accident. The County cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it,

contending that it maintained the traffic signal at the subject intersection in a reasonably safe condition and that the malfunctioning traffic light was not a proximate cause of the accident. The Supreme Court granted the motion and the cross motion.

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007] [internal quotation marks omitted]; *see Frenchman v Lynch*, 97 AD3d 632, 633 [2012]). Exceptions to this general rule exist "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [citations and internal quotation marks omitted]). Welsbach established, prima facie, that it did not owe the plaintiff a duty of care, since its limited maintenance contract with the County did not displace the County's duty to maintain the traffic signal at the subject intersection in a reasonably safe condition and it did not launch an instrument of harm (*see id.*; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Immerman v City of New York*, 202 AD2d 637 [1994]; *cf. Davilmar v City of New York*, 7 AD3d 559, 560-561 [2004]; *Ruiz v Peralta*, 306 AD2d 150 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Further, the County, established, prima facie, that it maintained the traffic light at the subject intersection in a reasonably safe condition and that it did not have sufficient time to remedy the alleged malfunction (*see generally Regan v City of New York*, 127 AD3d 843 [2015]; *Salazar v City of New York*, 104 AD3d 931, 932 [2013]; *Alvarez v Hee Youn Koo*, 16 AD3d 442 [2005]; *Immerman v City of New York*, 202 AD2d 637 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted those branches of Welsbach's motion and the County's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.