■ ALI TRAWALLY, Respondent, v CITY OF NEW YORK et al., Appellants-Respondents, POWER OPTECH, LLC, Respondent, and WELSBACH ELECTRICAL CORPORATION, Respondent-Appellant. [27 NYS3d 505]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 30, 2014, which to the extent appealed from as limited by the briefs, denied the City's cross motion for partial summary judgment on its cross claims for contractual indemnification as against defendants Welsbach Electric Corporation (Welsbach) and Power Optech, LLC (Power Optech), and denied Welsbach's motion for summary judgment dismissing plaintiff's complaint and all cross claims as against it, unanimously modified, on the law, to grant Welsbach's motion, grant the City's cross motion for contractual indemnification as to defendant Power Optech, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against Welsbach.

Welsbach's motion for summary judgment dismissing the complaint is granted, since it owed no duty in tort to plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-140 [2002]), who was injured when a leaning streetlight lamppost fell on his vehicle. Welsbach contracted with the City to maintain and repair the City's traffic signals; defendant Power Optech, on the other hand, contracted with the City to maintain and repair the City's streetlights, which included knocked down lampposts, and "severely leaning lampposts."

Contrary to plaintiff's contention, Welsbach did not launch a force or instrument of harm by failing to remove the traffic light from the lampposts, since a contractor launches a force or instrument of harm where its affirmative act creates a dangerous condition (*see e.g. Watt v County of Nassau*, 130 AD3d 613 [2d Dept 2015]; *All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674 [1st Dept 2012]). Welsbach was not required to transmit its findings as to the leaning lampposts to the City within one hour of its arrival at the intersection, since it had made no "repair" and had taken no "other action" with respect to the streetlight. Nor was it under any obligation to warn the City or Power Optech of the leaning streetlight, as it was unrelated to the work for which it had contracted (*see Merchants Mut. Ins. Co. v Quality Signs of Middletown*, 110 AD3d 1042, 1043-1044 [1st Dept 2013]).

Dismissal of the City's cross claims against Welsbach for contractual indemnification is also warranted. "The right to

contractual indemnification depends upon the specific language of the contract" (*Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255, 1255 [2d Dept 2010]). The indemnification clause in the traffic light contract required Welsbach to "defend at its own expense, indemnify and hold the City harmless from any and all claims or judgment for damages . . . arising out of or in connection with any operations of" Welsbach. The indemnification clause in the traffic light contract is not triggered, since plaintiff's personal injury claims neither "arise out of" nor are they "in connection with" any of Welsbach's operations under the contract.

Since plaintiff's claims arise out of or in connection with Power Optech's operations, the City is entitled to contractual indemnity as against it under the indemnification clause in paragraph E of the contract. However, the City would not be entitled to contractual indemnification under paragraph O, which requires that the personal injury claims arise out of the "negligent performance" of Power Optech's work, as there are issues of fact as to Power Optech's negligence.

We have considered the parties' remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.