Janiya W.-G. v Smith (2018 NY Slip Op 02557)





Janiya W.-G. v Smith


2018 NY Slip Op 02557


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


350663/08 6270A 83807/09 84155/09 6270

[*1] Janiya W.-G., etc., Plaintiff-Appellant, Janel G., etc., Plaintiff,
v
Michael Smith, et al., Defendants, Canje Discount, Inc., et al., Defendants-Respondents.
Durst Corporation, Third-Party Plaintiff-Appellant,
v
Hercules Chemical Company, Inc., et al., Third-Party Defendants-Respondents.
Durst Corporation, Second Third-Party Plaintiff- Appellant,
v
Hercules Chemical Company, Inc., et al., Second Third-Party Defendants- Respondents.


Kelner & Kelner, New York (Joshua D. Kelner of counsel), for appellant.
Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for Durst Corporation, respondent/appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for Canje Discount, Inc., respondent.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for Oatey Supply Chain Services, Inc., respondent.
O'Connor Redd LLP, Port Chester (Joseph M. Cianflone of counsel), for Hercules Chemical Company, Inc., respondent.



Orders, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered June 28, 2016, which, to the extent appealed from, denied the infant plaintiff's motion for summary judgment as [*2]to liability as against defendants Canje Discount, Inc. and Durst Corporation and to amend the complaint to add a demand against Durst for punitive damages, granted Canje's and Durst's motions for summary judgment dismissing the complaint and all cross claims against them, and granted third-party and second third-party defendants' motions for summary judgment dismissing all claims as against them, unanimously modified, on the law, to deny Canje's and Durst's motions as to the negligence claims as against them, the negligent performance of contract claim as against Durst, and any cross claims against them based on those claims, and otherwise affirmed, without costs.
As plaintiff does not allege that the sulfuric acid drain opener that allegedly caused her injuries was defectively designed or manufactured or that there was a failure to warn, no claim for strict products liability lies (Gebo v Black Clawson Co., 92 NY2d 387, 392 [1998]).
Because defendant Canje, the retail outlet at which the product was purchased, never agreed to abide by the sale policy of the manufacturer, third-party defendant Hercules Chemical Company, Inc., to restrict the sale of the product to plumbing and/or building professionals, it cannot be held liable for launching a force of harm in negligent discharge of a contractual obligation (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). However, issues of fact exist whether defendant Durst, the distributor that sold the product to Canje, had a contractual duty to refrain from selling the product to Canje and whether Durst breached this duty and its acknowledged contractual undertakings to take appropriate steps to assure the proper sale and use of the product and to comply with the Seller's Notice prohibiting sales to non-professionals and the display of the product where it was easily accessible. Durst argues that even if it breached such a duty it did not launch a force or instrument of harm. However, in the cases it cites in support of this argument, the defendants failed in their contractual obligations merely to improve an existing condition (see Church v Callanan Indus., 99 NY2d 104 [2002]; Trawally v City of New York, 137 AD3d 492 [1st Dept 2016]; Vasquez v Port Auth. of N.Y. & N.J., 100 AD3d 442 [1st Dept 2012]). This case, in which there is evidence that Durst created the unsafe condition by supplying the product without proper safeguards, is more akin to Landon v Kroll Lab. Specialists, Inc. (22 NY3d 1 [2013]), in which the Court of Appeals found that the allegation that the defendant's negligent testing procedures subjected the plaintiff to legal proceedings stated a cause of action based on the launch of a force of harm.
Plaintiff's argument that Durst and Canje breached an industry standard of care by allowing a 93% concentration sulfuric acid drain-opener to be placed in a variety store and sold to a non-professional is unavailing, since her expert's assertion of such an industry standard is unsupported by any authority or concrete proof (Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]; Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862 [2009]). However, an issue of fact exists whether Durst or Canje was negligent in violating an industry standard by failing to follow the manufacturer's prescribed safety instructions, as plaintiff's expert asserted. Notably, Durst's chief of operations agreed that potentially hazardous chemicals are to be handled in accordance with the manufacturer's specifications, which in this case prohibited sale to non-professionals.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK