Carty v Colleran (2025 NY Slip Op 02906)

Carty v Colleran

2025 NY Slip Op 02906

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-01012 
2022-05769
 (Index No. 705156/18)

[*1]Susan Carty, etc., respondent, 
v
Nicholas P. Colleran, et al., defendants, Consolidated Edison Company of New York, Inc., appellant.

Lauren A. Jones (DSR Appeals, Montrose, NY [Daniel S. Ratner], of counsel), for appellant.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Consolidated Edison Company of New York, Inc., appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 6, 2022, and (2) an order of the same court entered June 7, 2022. The order entered January 6, 2022, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. The order entered June 7, 2022, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order entered January 6, 2022, denying that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it.
ORDERED that the appeal from the order entered January 6, 2022, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order entered June 7, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order entered June 7, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In June 2015, Betty Jean DiBiaso (hereinafter the decedent) was fatally struck by a vehicle when she attempted to cross a street at a particular intersection in Queens. The accident occurred at approximately midnight. It is undisputed that multiple reports had been made to the 311 assistance telephone number of the defendant City of New York to report that the street lights at the intersection were not functioning.
Thereafter, the plaintiff, as administrator of the decedent's estate, commenced two separate actions, inter alia, to recover damages for personal injuries, which were subsequently consolidated. The plaintiff alleged, among other things, that the negligent maintenance, repair, and inspection of the street lights at the intersection by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), which provided electricity and power to those street lights, was a proximate cause of the accident. Con Ed moved, inter alia, for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it, arguing, among other things, that it properly performed its contractual duties with respect to the intersection and that its conduct was [*2]not a proximate cause of the accident. In an order entered January 6, 2022, the Supreme Court, inter alia, denied that branch of the motion. Con Ed moved, among other things, for leave to reargue that branch of its prior motion. In an order entered June 7, 2022, the court, inter alia, in effect, upon reargument, adhered to the determination denying that branch of Con Ed's prior motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. Con Ed appeals.
Con Ed failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions were insufficient to eliminate triable issues of fact as to whether, in performing a particular repair at the intersection, it failed to exercise reasonable care in the performance of its contractual duties and launched a force or instrument of harm, resulting in the existence of a dangerous condition at the intersection during the three-month period preceding the accident (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139; Laap v Francis, 54 AD3d 1006, 1007).
Moreover, Con Ed's submissions revealed the existence of triable issues of fact as to whether the failure to timely remedy the street light outage at the intersection was a proximate cause of the accident (see Prager v Motor Veh. Acc. Indem. Corp., 74 AD2d 844, 845).
Since Con Ed failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly, in effect, upon reargument, adhered to the determination denying that branch of Con Ed's motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court