Carty v Colleran (2025 NY Slip Op 02904)

Carty v Colleran

2025 NY Slip Op 02904

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-00811
 (Index No. 705156/18)

[*1]Susan Carty, etc., respondent, 
v
Nicholas P. Colleran, et al., defendants, Welsbach Electric Corp., appellant.

London Fischer LLP, New York, NY (James Walsh, Amy Pimer, and Kara A. Somerstein of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Welsbach Electric Corp. appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 6, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2015, Betty Jean DiBiaso (hereinafter the decedent) was fatally struck by a vehicle when she attempted to cross a street at a particular intersection in Queens. The accident occurred at approximately midnight. It is undisputed that multiple reports had been made to the 311 assistance telephone number of the defendant City of New York to report that the street lights at the intersection were not functioning.
Thereafter, the plaintiff, as administrator of the decedent's estate, commenced two separate actions, inter alia, to recover damages for personal injuries, which were subsequently consolidated. The plaintiff alleged, among other things, that the accident was caused by the negligent maintenance, repair, and inspection of the street lights at the intersection by the defendant Welsbach Electric Corp. (hereinafter Welsbach), which had contracted with the City to maintain all of the street lights in Queens. Welsbach moved, inter alia, for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it, arguing, among other things, that it properly performed its contractual duties with respect to the intersection and that its conduct was not a proximate cause of the accident. In an order entered January 6, 2022, the Supreme Court, inter alia, denied that branch of the motion. Welsbach appeals.
Contrary to Welsbach's contention, it failed to demonstrate, prima facie, that it was not negligent in the repair of the street lights at the intersection and, thus, did not establish that it exercised reasonable care in the performance of the contractual duties it owed to the City. Rather, Welsbach's submissions revealed the existence of triable issues of fact as to whether it created an unreasonable risk of harm to others, or increased that risk, and launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139; Laap v Francis, 54 AD3d 1006, [*2]1007). Specifically, although Welsbach contends that it waited for the City to remove a stop sign to permit foundation work so that the defendant Consolidated Edison Company of New York, Inc., could provide power to the street lights, Welsbach's submissions revealed that the street light outage was resolved just a few days after the accident without performing foundation work (see Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003, 1005).
Moreover, Welsbach's submissions demonstrated the existence of triable issues of fact as to whether the failure to timely remedy the street light outage was a proximate cause of the accident (see Prager v Motor Veh. Acc. Indem. Corp., 74 AD2d 844, 845).
Since Welsbach failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court