## Shteyman v AT&T Communications of N.Y., Inc.

2025 NY Slip Op 32330(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 154726/2020

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**     PART          05M

                                       *Justice*

------------------------------------------------------------------------------X

VICTORIA SHTEYMAN,                       INDEX NO.        154726/2020

                  Plaintiff,           MOTION DATE        N/A

                   - v -               MOTION SEQ. NO.     001

AT&T COMMUNICATIONS OF NEW YORK, INC.,CBRE,
INC, CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF DESIGN AND CONSTRUCTION,      **DECISION + ORDER ON**
**MOTION**

                 Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 82, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 95

were read on this motion for                   SUMMARY JUDGMENT        .

       With the instant motion, Defendant the City of New York (including its agency, the New York City Department of Design and Construction, collectively, "the City") moves for summary judgment pursuant to CPLR § 3212, seeking: (1) dismissal of the compliant and all cross-claims against it; and (2) in the alternative, conditional contractual and/or common law indemnification and defense from co-Defendant MFM Contracting Corp. ("MFM").

## BACKGROUND AND PROCEDURAL HISTORY

       This personal injury action arises from Plaintiff Victoria Shteyman's alleged trip and fall on October 23, 2019, on a raised sidewalk flag adjacent to 33 Thomas Street in Manhattan, specifically on the Worth Street side of the building. Plaintiff alleges that the defect was attributable to the sidewalk's hazardous condition.

       Plaintiff filed her Summons and Complaint on June 26, 2020, later amending it to include the City, AT&T Communications of New York, Inc. ("AT&T"), CBRE, Inc., and MFM as defendants. The City answered the Amended Complaint and, after discovery, Plaintiff filed a Note of Issue on January 8, 2025.

       The City filed the instant motion on April 8, 2025. However, on June 6, 2025, Plaintiff voluntarily discontinued her claims against the City with prejudice. No stipulation was executed by the co-defendants, who purportedly maintain cross-claims for contribution and indemnification against the City.

[* 1]

## ARGUMENTS

In support of its motion, the City argues that it is not liable under Administrative Code § 7-210, which shifts liability for sidewalk defects to abutting property owners unless the property is one-, two-, or three-family residential and owner-occupied, which is not the case here. The City asserts that it neither owned nor maintained the abutting property, did not cause or create the alleged defect, and received no prior written notice of the condition. Alternatively, it seeks indemnification from MFM pursuant to its contract involving nearby construction.

MFM opposes the City's request for indemnification. It agrees that neither it nor the City performed work on the sidewalk flag at issue and that the accident location was unrelated to its contract with the City. It contends the contract's indemnity provision is not triggered.

AT&T and CBRE oppose summary judgment on the grounds that issues of fact exist as to whether the City had actual or constructive notice. They cite ongoing construction activity at or near the accident site, numerous permits issued by the City, a January 2019 311 complaint, and the City's regular on-site presence at the Worth Street project. They also invoke an exception to the prior written notice rule based on the City's alleged inspection and oversight duties.

## DISCUSSION

### A. Summary Judgment on the Merits

The legal standard for summary judgment is well-settled. Pursuant to CPLR § 3212(b), a court shall grant summary judgment if the moving party demonstrates, through admissible evidence, that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law (*Winegrad v. New York Univ. Med. Ctr*., 64 NY2d 851 [1985]; *Alvarez v. Prospect Hosp*., 68 NY2d 320 [1986]). The movant must make a *prima facie* showing of entitlement to judgment by establishing the absence of any triable issue as to any material fact. Once this showing is made, the burden shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of a genuine issue of fact (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]). Speculative or conclusory assertions are insufficient to defeat summary judgment.

Here, the City would is entitled to summary judgment. Administrative Code § 7-210 shifts liability for injuries caused by defective sidewalk flags to the abutting property owner — here, a telephone utility building, not an owner-occupied one- to three-family residence (Atik Affirmation; Schloss Affirmation). Department of Finance records and title searches confirm the City did not own or control 33 Thomas Street on October 23, 2019, eliminating any duty tied to property ownership (Atik, Exh. O; Schloss, Exh. P). Further, DOT segment searches and DDC contract documents establish the City did not cause or create the defect: MFM's contract work was limited to only the first two sidewalk flags adjacent to the roadway and did not involve the specific flag on which Plaintiff fell (DOT Segment Search, Exh. L; Supplemental Search, Exh. M). Having presented uncontroverted affidavits and documentary proof negating ownership, creation, and notice, the City has met its initial burden.

**154726/2020   SHTEYMAN, VICTORIA vs. AT&T COMMUNICATIONS OF NEW**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

In opposition, neither Plaintiff nor the remaining co-defendants offer admissible evidence sufficient to raise a triable issue as to any of these elements. Moreover, Plaintiff conceded at her GML § 50-h hearing that she never served written notice on the City as required by statute (50-h Hearing Transcript, Exh. H.). Finally, there is no evidence that any City work immediately produced the dangerous condition, so the affirmative negligence exception does not apply (*see Yarborough v. City of New York*, 10 NY3d 726 [2008]). Thus, on the merits, summary judgment in favor of the City is warranted.

### B. The City's Motion for Summary Judgment Rendered as Moot

Even if summary judgment was not permissible on the merits, the court notes that there is no longer a viable case against the City. Indeed, on June 6, 2025, Plaintiff filed a stipulation of voluntary discontinuance with prejudice as against the City. As a result, Plaintiff's claims against the City are no longer at issue (*see* CPLR § 3217[a][1]).

Because the principal claim against the City has been discontinued with prejudice, any remaining cross-claims are no longer viable as a matter of law. To be sure, it is well settled that where a defendant has been dismissed from the action by the plaintiff, co-defendants cannot maintain cross-claims against that defendant (*see Bendel v Ramsey Winch Co.*, 145 AD3d 500, 501 [1st Dept 2016] [in view of the dismissal of the complaint in its entirety as against a defendant, the cross claims against that defendant are also dismissed]; *see also Phillips v Trommel Constr.*, 101 AD3d 1097, 1098 [2d Dept 2012][cross claims which were predicated on complaint must be dismissed when complaint was dismissed]; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 750 [2d Dept 2007]; *Liu v. The New York City Transit Authority and Metropolitan Transp Authority*, 2025 WL 1146138, at *3 [Sup Ct, NY County 2025]["Because the complaint and all cross claims, by and against the Building Defendants are dismissed, the alternative relief requested by Building Defendants...is rendered academic."]); *Woisin v. New York City Transit Authority*, 2024 WL 4555125, at *4 [Sup Ct, NY County 2024] [cross-claims dismissed by operation of law once plaintiff's claims against the City were dismissed]).

Accordingly, the City's motion for summary judgment is moot, and all remaining cross-claims asserted against it by AT&T, CBRE, or MFM are dismissed.

### C. Indemnification Claims Are Moot or Unripe

The City also seeks conditional contractual and/or common law indemnification against MFM. However, MFM has not been found liable to Plaintiff, and with Plaintiff's case against the City discontinued, there is no remaining liability for which indemnification is appropriate. Indemnity may only be awarded where a party has been cast in liability (*see McCarthy v. Turner Constr., Inc.*, 17 NY3d 369, 377 [2011]).

Even if liability had been established, MFM has submitted unrebutted evidence that its work was confined to the first two sidewalk flags adjacent to the curb, not the location where Plaintiff allegedly fell. Therefore, the accident arguably did not arise out of its work, and the contract's indemnity clause would not apply (*see Trawally v. City of New York*, 137 AD3d 492 [1st Dept 2016]; *Balsam v. Delman Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988]).

**154726/2020 SHTEYMAN, VICTORIA vs. AT&T COMMUNICATIONS OF NEW** Page 3 of 4
**Motion No. 001**

3 of 4

[* 3]

Accordingly, the City's request for indemnification is denied as academic and/or unripe.

### D. Remaining Arguments

To the extent co-defendants seek to preserve cross-claims against the City, the law forecloses such relief following a discontinuance with prejudice. Arguments regarding the City's alleged notice, contract supervision, or project management are no longer material, as the City is no longer a party to the action.

Accordingly, it is hereby:

ORDERED that the City's motion for summary judgment is granted on the merits and simultaneously rendered moot by virtue of Plaintiff's filing of a stipulation of voluntary discontinuance with prejudice as against the City (*see* NYSCEF Doc. 90); and it is further

ORDERED that all cross-claims asserted by co-Defendants AT&T Communications of New York, Inc., CBRE, Inc., and MFM Contracting Corp. against the City are hereby dismissed as academic, in light of Plaintiff's filing of a stipulation of voluntary discontinuance with prejudice as against the City (*see* NYSCEF Doc. 90); and it is further

ORDERED that the branch of the City's motion seeking conditional or contractual indemnification from MFM Contracting Corp. is denied as academic and/or unripe, in light of the City's dismissal from the action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of the City, dismissing the action as against it; and it is further

ORDERED that the Clerk of the Court is directed to amend the caption of this matter to remove the City of New York and the New York City Department of Design and Construction as defendants; and it is further

ORDERED that this matter shall be referred to the inventory of a general IAS part for all further proceedings, in light of the City's dismissal and discontinuance from the case.

This constitutes the decision and order of the court.

| 7/1/2025 | | | HASA A. KINGO, J.S.C. |
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154726/2020  SHTEYMAN, VICTORIA vs. AT&T COMMUNICATIONS OF NEW**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]